IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GASPAR MICHEL On Behalf of Himself and All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>MR. WHITE RESTAURANT, LLC, f/k/a CLARK COOPER RESTAURANTS, LLC, d/b/a BRASSERIE 19, WILLIAM G. COOPER and CHARLES E. CLARK<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO.: _____<br><br>JURY DEMANDED<br><br>COLLECTIVE ACTION |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

GASPAR MICHEL ("Plaintiff"), individually and on behalf of all others similarly situated, files this lawsuit as a collective action against MR. WHITE RESTAURANT, LLC, f/k/a CLARK COOPER RESTAURANTS, LLC, d/b/a BRASSERIE 19, WILLIAM G. COOPER, and CHARLES E. CLARK (collectively "Defendants") to recover back pay, unpaid wages, lost wages, liquidated damages, interest, costs, and attorney's fees, and for cause of action would show the following:

### I. NATURE OF CLAIMS

1. The Fair Labor Standards Act ("FLSA) is designed to eliminate "labor conditions

detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers…" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employees. 29 U.S.C. §§ 206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In so doing, employers may take a "tip credit," which allows them to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credit toward an employee's minimum wage, however, an employer must satisfy two conditions: 1) The employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id.*

3. In this case, Defendants violated the FLSA by failing to notify employees that it would be taking a tip credit and requiring its servers to participate in an invalid tip pool at its restaurant(s).

## II. JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendants and the Plaintiff transacted business within this judicial district and the events or omissions giving rise to this Complaint occurred in this district.

## III. THE PARTIES

6. Plaintiff Gaspar Michel (hereinafter "Mr. Gaspar") is an individual residing in Harris County, Texas. Mr. Gaspar is a former employee of Defendants. He worked at Brasserie 19. Plaintiff brings his federal back pay and unpaid wage claims on his own behalf and on behalf of

all others similarly situated. Mr. Gaspar's notice of consent to join this collective action is attached hereto as Exhibit "A" and is incorporated herein.

7.  Defendant Mr. White Restaurant, LLC f/k/a Clark Cooper Restaurants, LLC, d/b/a Brasserie 19 is a restaurant headquartered in Houston, Texas and may be served with process through its registered agent, Grant Cooper, 2450 Louisiana St., Suite 300, Houston, Texas 77006.

8.  Defendant William G. Cooper is an individual residing in Houston, Texas, and may be served with process at 2450 Louisiana St., Suite 300, Houston, Texas 77006, or wherever he may be found.

9.  Defendant Charles E. Clark is an individual residing in Houston, Texas, and may be served with process at 2450 Louisiana St., Suite 300, Houston, Texas 77006, or wherever he may be found.

### IV. FACTS

10. At all times relevant to this lawsuit, Defendants were, and remain, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

11. Defendant Mr. White Restaurant, LLC, d/b/a Brasserie 19, is a Houston, Texas headquartered restaurant company.

12. Defendants William G. Cooper and Charles E. Clark are co-owners of Brasserie 19.

13. Defendants annual revenues exceeded $500,000 in each of the last five years.

14. Defendants employed Plaintiff and other similarly situated employees at all relevant times within the meaning of the FLSA 29 U.S.C. § 203(g).

15. In performing his duties for Defendants, Plaintiff and other similarly situated employees were engaged in commerce or in the production of goods for commerce.

16. Plaintiff Michel was employed at Brasserie 19 as a server.

17. Defendants paid Plaintiff less than minimum wage while he worked as a server (i.e. $2.13/hour) – taking advantage of a tip credit, which allowed Defendants to include in its calculation of Plaintiff's wages a portion of the amounts that he received in tips.

18. Plaintiff received tips from Defendants' customers.

19. Without any written or verbal notice, Plaintiff was forced to participate in a mandatory tip pool, whereby Defendants required Plaintiff and its other servers to contribute a percentage of their total sales during each shift (25%) to a tip pool wholly controlled by Defendants.

20. Defendants automatically deducted this 25% from Plaintiff's tips during each paycheck.

21. Independent of how much money was taken from Plaintiff's bi-weekly check, upon information and belief, the bussers, one of the only known recipients of the tip pool made the same amount of money every two weeks.

22. Defendants' tip pool did not meet the requirements of a valid tip pool because a portion of the tips were retained by the restaurant and/or distributed to employees who do not customarily and regularly receive tips, and it required Plaintiff to contribute a greater percentage than is customary and reasonable.

23. Therefore, Defendants violated the tip credit requirement of Section 3(m) and the minimum wage provisions of the FLSA.

24. Upon information and belief, other similarly situated employees were required to participate in the illegal tip pool in violation of the FLSA.

### V.   CAUSES OF ACTION

25. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

26. Defendants' practice of requiring its servers to pay a portion of their tips to the house and/or

to non-tipped employees violates the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiff and the members of the class are entitled to minimum wage for each hour worked (the "tip credit"), in addition to the amount he was required to tip-out to Defendants' illegal tip pool. *Id.*

27. Additionally, Plaintiff and those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action provided by the FLSA. 29 U.S.C. § 216(b).

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

29. Upon information and belief, many other similarly situated employees employed by Defendants over the last three (3) years have been victimized by Defendants' violations of the FLSA.

30. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b). The class is properly identified as:

> **"All servers and other tipped employees of Mr. White Restaurants LLC, f/k/a Clark Cooper Restaurants, LLC, d/b/a Brasserie 19, during the period of February 15, 2015 to the present."**

31. As a result of Defendants' willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorney's fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VII. AMOUNT DUE NOT KNOWN

32. The records concerning tip pooling and the tip credit are in the exclusive possession and control of the Defendants, and Plaintiff is unable to state at this time the exact amount owing to him. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be

taken in this cause, and plaintiff will then seek leave to amend his complaint accordingly.

## VIII. JURY DEMAND

33. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## IX. PRAYER

34. For the reasons set forth above, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and direct notice to any and all similarly situated employees;

   b. judgment awarding Plaintiff and similarly situated employees all back pay, unpaid overtime wages, lost wages, liquidated damages, attorney's fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

        Respectfully Submitted,
        TB Robinson Law Group, PLLC

        */s/ T.B.R.*

        Terrence B. Robinson
        Fed. Bar No. 14218
        Texas Bar No. 17112900
        Email: TRobinson@TBRobinsonlaw.com
        Laura A. Hernández
        Fed. Bar No. 2935637

Texas Bar No. 24100107

Email: LHernandez@TBRobinsonlaw.com

Joanna M. Nakamoto

Fed. Bar No. 3180856

Texas Bar. No. 24103539

Email: JNakamoto@TBRobinsonlaw.com

7500 San Felipe St., Suite 800

Houston, TX 77063

Phone: (713) 568-1723

Facsimile: (713) 965-4288

**ATTORNEYS FOR PLAINTIFFS**